SIMS TIRE CO., INC.

v.

COLONIAL DISCOUNT TIRE, INC.

STILLMAN TIRE CO.

v.

COLONIAL DISCOUNT TIRE, INC.

No. 76–450–Appeal.

Supreme Court of Rhode Island.

April 30, 1980.

Alton W. Wiley, Providence, for plaintiff.

Raymond R. Pezza, Providence, for defendant.

OPINION

PER CURIAM.

These two civil actions were consolidated for a jury-waived trial that took place in Superior Court. The plaintiffs, Sims Tire Co., Inc. (Sims) and Stillman Tire Co. (Stillman), have a common ownership. In this litigation they share a common goal: each is attempting to obtain from the defendant, Colonial Discount Tire, Inc. (Colonial), money allegedly owed for tires sold and delivered to Colonial at its place of business in West Warwick.

Sometime before trial, Stillman and Sims produced at Colonial's request a group of delivery invoices to substantiate their respective claims. At trial, the parties stipulated that there was agreement as to a portion of the amount sought in each suit. Colonial disputed the authenticity of signatures on a portion of the invoices which indicated that its service manager had acknowledged receipt of the tires listed thereon. Joe, the service manager, looked at the invoices and told the trial justice that he was not sure that the "Joe" signature appearing on those receipts was his. The trial justice, in finding for Stillman and Sims for the full amount of their claim, relied on the fact that Colonial had honored other invoices bearing "Joe's" signature. He also

placed great emphasis on the service manager's failure to deny categorically that the disputed signatures were his. It is obvious from the foregoing that the dispute presented a question of fact that was resolved by the trial justice against Colonial.

On March 5, 1980, Colonial appeared before us in response to our order to show cause why its appeal should not be dismissed because the delivery issue presented a question of fact that the trial justice resolved against Colonial. Colonial argued at length, but, so far as disturbing the trial justice's findings of fact, failed to show cause. Colonial has, however, demonstrated that there is a mathematical discrepancy in the judgment entered in favor of Sims.

During the trial, the litigants stipulated that Sims's delivery invoices indicated that Colonial owed it $20,075.21 and that the dispute presently before the trial justice concerned only $11,968.90 of the amount sought. At the conclusion of the trial, when the trial justice asked what the total amount sought was as evidenced by Sims's delivery invoices, he was told $21,538.77. Following the show-cause hearing, Sims's counsel conceded that there was merit to Colonial's claim of a discrepancy and agreed that the judgment entered for Sims should be reduced so as to reflect the $20,075.21 figure agreed to at trial.

Accordingly, Colonial's appeal is sustained in part and denied in part, the judgment entered in favor of Sims is vacated, and the case is remanded to the Superior Court for the entry of a judgment which is consistent with this opinion; the judgment entered in favor of Stillman is affirmed, and the case is remanded to the Superior Court.